

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Clifford B. Jones, President
Texas Technological College
Lubbock, Texas

Dear Sir:

Opinion Number O-4902
Re: Whether State College may
employ part-time music
instructor who will be
employed on part-time basis
by school district at same
time.

We have received your letter of recent date which we quote,
in part, as follows:

"A  rather heavy enrollment in our Music Department
(Band) requires an additional part-time instructor. A
simplification of the matter, in keeping with economy indi-
cates the advisability of employing a part-time instructor.

"The Lubbock Public Schools are confronted with a
similar situation, and the problem could be solved if the
said Public Schools and Texas Technological College employ
a man who is available, they to use him for a portion of
the time and we to use him for a portion of the time at
an expense to us of $600.  There would be no overlapping
with respect to services; that is to say, we would not be
paying him at a time when he was engaged with their instruc-
tion, and the converse of course would be true; namely that
they would not be paying him when he was engaged here.

"Will you be kind enough to advise us as promptly as
possible whether we have the legal right to engage this
instructor  upon a part-time basis as outlined?"

A school teacher is not a public officer.  Martin v. Fisher,
291 P. 276; Leymel v. Johnson, 288 P. 859; 56 C. J. 382; 37 Tex. Jur.
1035; Opinions No. O-4669, No. O-4628, and O-371.  Therefore, Section
40 of Article XVI, Constitution of Texas, which prohibits the holding
of more than one civil office of emolument, is not applicable to the
situation under consideration.  You state that there would be no over-
lapping of services, and we know of no reason why the duties of the
individual as part-time instructor in the college should in any way
conflict or be incompatible with his duties as part-time instructor of
music in the school district.

However, we direct your attention to the provisions of Section 33 of Article XVI, Constitution of Texas. Said section provides, in part, as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution."

The construction of Section 33 was involved in Opinion No. O-2607. We quote the following from said opinion:

"It is clear that this section does not seek to prohibit the serving of the State by one individual in more than one capacity. The provision addresses itself only to the matter of compensation. Thus, a man may hold two offices, or an office and a position of honor and trust under the State, if no compensation attaches to either place. But if he holds an office, or is an agent or appointee, and to such place compensation attaches, he may not be paid for services rendered in that capacity during the period of time that he holds another position of honor or trust under the State or the United States. From this general statement as to what the section does and does not prohibit, we gather the general policy embodied therein. This policy seems obviously to be that no person should receive compensation from the State for services to be rendered it, when during the time such compensation is to be earned such person, by accepting and holding another position under the State or the United States, has obligated himself to render services in con- nection with the latter position, so that he may not render full value in the first capacity for the compensation which the State has agreed to pay. So construed, we find that the Section is but one of the many in the Constitution seeking to place every conceivable safeguard about the expenditure of State moneys. So construed, this Section seeks to avoid even the possibility that the State may not receive a full quid pro quo for expenditures by way of compensation for services to be rendered in one capacity, by reason of the person serving in that capacity placing himself in such a position that he may be tempted to neglect the duties of the one place for the responsibilities of the other.

"Analyzed, Article 16, Section 33, provides that:

"An (a) officer, (b) agent, or (c) appointee for salary or compensation is not entitled to receive payment from the accounting officers of the State of such compensation

if, during the same time that he holds the place to which
such salary or compensation attaches, he also holds any
other office or positions of (a) honor, (b) trust, or (c)
profit."

There can be no doubt that an instructor in a State supported
college is "agent, officer, or appointee", and although we have hereto-
fore stated that a school teacher does not hold an office, we are of
the opinion that he holds a "position of honor, trust or profit".

In view of the foregoing you are respectfully advised that a
person may legally serve as part-time instructor in a State supported
college and at the same time serve as part-time instructor in a school
district where the duties attached to each position do not overlap and
are in no way inconsistent; however, in doing so he forfeits all right
to any salary or compensation to which he might have been entitled as
instructor in the college.

This conclusion is consistent with those announced in previous
opinions of this department with reference to Section 33 of Article XVI.
In Opinion No. 0-1422 it was held that a person may simultaneously serve
on the board of trustees of an independent school district and on the
board of directors of the Texas College of Arts and Industries, but that
in doing so he forfeits all right to compensation to which he might have
been entitled as director of the college. It was held in Opinion No.
0-2528 that while there was nothing to prohibit an inspector for the
Texas Liquor Control Board from serving also as trustee of an independent
school district, he would be entitled to no compensation as inspector
for the Liquor Control Board if he served in both  capacities. In
Opinion No. 0-2607 it was held that if a physician employed on a part-
time basis by a State eleemosynary institution accepts and holds a
similar place in another eleemosynary institution at the same time, he
is entitled to no salary during the period of time that both positions
are held.

You state in your letter of request that the practice of
employing part-time instructors, as outlined, is being followed by various
independent school districts. We think it proper to point out that the
inhibition contained in Section 33 of Article XVI is applicable only to
the State accounting officers. It would not prevent the accounting of-
ficers of a school district from paying an instructor of the district
for services rendered. However, the State accounting officers draw and
pay the salary warrant issued to an instructor of a State supported
college. Therefore, the inhibition would prevent the State accounting
officers from either drawing or paying a warrant in favor of an in-
structor for salary or compensation where such instructor holds at the
same time any other position of honor, profit, or trust as specified in
the Constitution.

This opinion passes only on the authority of the college to
employ a part-time instructor under the fact situation as outlined. It

passes neither directly nor indirectly on the question whether there
are funds appropriated by the Legislature from which a part-time in-
structor   could be paid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/George W. Sparks
George W. Sparks
Assistant

GWS/s/wc

APPROVED OCT. 13, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By BWB Chairman